**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**WHEELING**

**DAWANTAYE BOSWELL**,

          Petitioner,

**v.**

**UNITED STATES OF AMERICA,**

          Respondent.

**Civil No.:   5:20-CV-149**
**Criminal No.: 5:09-cr-38**
**(JUDGE BAILEY)**

## REPORT AND RECOMMENDATION

### I.      INTRODUCTION

On July 27, 2020, the *pro se* petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.  On August 10, 2020, he refiled his motion on the court-approved form.  This matter is assigned to the Honorable John Preston Bailey, United States District Judge and is referred to the undersigned for submission of a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. The matter is before the court for an initial review of the petition pursuant to 28 U.S.C. § 2255(b), which provides that the court need not seek a response from the respondent when it is clear on the face of the motion that the petitioner is not entitled to relief.

### II.      FACTS

#### A.      Conviction and Sentence

On August 3, 2009, the petitioner was charged  in a one count Indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and

1

924(a)(2). [Doc. 4]. On October 9, 2009, the petitioner filed a Notice of Intent to Plead Guilty. [Doc. 21]. On October 13, 2009, the petitioner appeared before the Honorable Frederick P. Stamp, United States District Judge, who conducted a plea hearing. [Doc. 23]. On that same date, Judge Stamp entered an Order accepting the plea of guilty and noting that he had advised the petitioner of the elements of the offense charged to which he proposed to enter a plea of guilty.  [Doc. 24 at 1]. On January 7, 2010, the Court committed the petitioner to the custody of the Bureau of Prisons for a total term of five months to be followed by a three year term of supervised release. [Doc. 35].

On or about May 6, 2010, the petitioner was released from the custody of the BOP and began his term of supervised release. On July 14, 2011, a Report was filed by the probation office notifying the Court that the petitioner had been arrested by Wheeling Police on July 8, 2011, and agents seized approximately 400 grams of cocaine base and digital scales.  Consequently, the defendant had been charged in a criminal complaint with Possession with Intent to Distribute in Excess of 280 grams of Cocaine Base in Criminal Case No. 5:11-MJ-51. [Doc. 41].  On November 12, 2016, Judgment was entered for Revocation of Supervised Release, and the petitioner was committed to the custody of the BOP for six months consecutive to his sentence in Case No. 5:11-cr-32. [Doc. 56]. The petitioner's current projected release date is January 17, 2025. *See* bop.gov/inmateloc/.

**B.**   **Appeal**

The petitioner did not pursue a direct appeal of his criminal conviction for being a felon in possession of a firearm.

**C.**   **Federal Habeas Corpus and Post-Conviction Proceedings**

In support of his §2255 Motion, the petitioner asserts that he pleaded guilty without knowing the elements the government needed to prove at trial for conviction. The petitioner relies on the decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019) to support his allegation, and to argue that his motion is timely.

**D.**     **Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's Section 2255 motion be denied and dismissed from the docket.

### III. ANALYSIS

**A. In Custody**

Section 2255(a) provides that "[a] prisoner in custody under sentence of court established by Act of Congress" may move to vacate, set aside, or correct his sentence."   This language requires that a 2255 petitioner be "in custody" under the conviction or sentence under attack at the time his motion is filed. *See Maleng v. Cook*, 490 US 488, 490-91 (1989) (discussing "in custody" requirement for District Court jurisdiction over petition for habeas relief from stay conviction under 28 U.S.C. § 2254). Once a petition or sentence has fully expired, a defendant is not "in custody," notwithstanding the collateral consequences to which he may still be subject: "[O]nce the sentence imposed for conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual in custody for the purposes of a habeas attack on it." *Id.* at 492; *see also United States v. Escobogue*, 357 F.3d 532, 534 (5th Cir. 2004) (recognizing that the Supreme Court's analysis in *Maleng* "applies equally when the movant is no longer in federal custody for

3

the purpose of a 2255 petition where the sentence imposed for the conviction has expired").

In the instant case, the petitioner is no longer in custody for his conviction in Criminal Case No. 5:09-cr-38, the conviction he now seeks to vacate pursuant to the holding in *Rehaif*.  Instead, he is serving his sentence for his conviction on drug charges in Criminal Case No.: 5:11-cr-32 and his consecutive sentence for violation of his supervised release in the prior case. Supervised release is a separate sentence authorized by 18 U.S.C. § 3583 to be added to any term of imprisonment. *United States v. Thompson*, 972 F.2d 344 (4th Cir. 1992) (unpublished disposition). Thus, a term of imprisonment imposed for violation of the terms of supervised release is a separate sentence from the term of imprisonment imposed for the underlying offense. Therefore, the petitioner does not meet the in custody requirement of § 2255 to collaterally attack his conviction for being a felon in possession of a firearm.

**B. Timeliness**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, which established a one-year limitation period within which to file any federal habeas corpus motion.  The limitation period shall run from the last of:

1.     The date on which the judgment of conviction becomes final;

2.     The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3.     The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review or

4.      The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. ***Aikens v. United States***, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). There are two recognized exceptions to this general rule, which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if, following the disposition of his direct appeal, a federal prisoner files a petition for writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. ***See Washington v. United States***, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. ***See Clay v. United States***, 537 U.S. 522, 532 (2003). In the present case, neither exception applies because the petitioner did not file a direct appeal of his conviction.

For federal prisoners, the time for filing a direct appeal expires fourteen days after the written judgment of conviction is entered on the criminal docket. ***See*** F.R.App.P. 4(b)(1)(A)(i). Hence, the petitioner's conviction became final on January 21, 2010, fourteen days after the final judgement order. Therefore, the petitioner had until January 21, 2011 to file his habeas corpus under AEDPA. Because Petitioner did not file his section 2255 motion until July 27, 2020, it was filed well beyond the one year statute of limitations. Furthermore, the petitioner does not raise any argument that there

was an impediment to his filing under section 2255(f)(2), or that there are newly discovered facts under section 2255(f)(4).

The sole ground for the Petitioner's motion is the United States Supreme Court's decision in *Rehaif*. Although the petitioner does not specifically reference the timeliness of his motion, he can only proceed under section 2255(f)(3) if he filed suit within one year of the *Rehaif* decision. Importantly, and lacking in this case, the Supreme Court must also have newly recognized the right upon which he relies and have made that right retroactively applicable to cases on collateral review.

In *Rehaif*, the Supreme Court determined that the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it" in a prosecution under 18 U.S.C. 922(g) and 18 U.S.C. 924(a)(2).   *Rehaif*, 139 S.Ct. 2191, 2194. The petitioner in *Rehaif* was an alien who entered the country on a nonimmigrant student visa to attend university. He received poor grades and the university dismissed him. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different University left the country. *Id.* at 2194. After the government learned of the petitioner's visit to a firing range, where he shot to firearms, the petitioner was prosecuted for possessing firearms as an alien unlawfully in the United States in violation of § 922(g) and § 924(a)(2). The case went to trial. The judge instructed the jury, over the petitioner's objection, that the "United States is not required to prove" that the petitioner "knew he was illegally or unlawfully in the United States." *Id.* The jury found the petitioner guilty and he was sentenced to 18 months imprisonment. Id. At issue before the Supreme Court was whether the Government must prove that a defendant knows of his status as

a person barred from possessing a firearm, which in that case was the petition status as an illegal alien. *Id.* at 2195. The Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he  belonged to the relevant category of persons barred from possessing a firearm. *Id.*

Neither the Supreme court nor the United States Court of Appeals for the Fourth Circuit has addressed the issue of whether *Rehaif* was made retroactively applicable to cases on collateral review. However, the Eleventh, Third, and Sixth Circuit Courts of Appeals, in addition to numerous district courts, have determined that *Rehaif* is not retroactively applicable to cases on collateral review. *See In re Palacios*, 931 F.3d 1314 (11th Cir. 2019).  The Eleventh Circuit analyzed the issue and stated:

> His claim relies solely on *Rehaif* which did not announce a "new rule of constitutional law," but, instead, clarified that, in prosecuting an individual under 18 U.S.C. § 922(g)  and 18 U.S.C. §924(a)(2) -- which provides that anyone who "knowingly violates" § 922(g) can be imprisoned for up to 10 years -- the government must prove that the defendant knew he violated each of the material elements of § 922(g). *Rehaif*, 139 S.Ct. at 2195-96. Moreover, even if *Rehaif* had announced a new rule of constitutional law as Palacios concedes in his application, it was not made retroactive to cases on collateral review by the Supreme Court. *See Tyler v. Cane*, 533 US 656, 661-66 (2001).

*In re Palacios*, 931 F.3d at 1315. See also *In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019) ("First, *Rehaif v. United States* did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g) and § 924(a)(2) (citing *Palacios*); *In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020) ("First and foremost, *Rehaif* did not state a rule of constitutional law at all…. Because Sampson has not made the required prima facie showing that his case rests on a new, retroactively applicable rule of constitutional law, we will deny his application to file a second or

successive motion to vacate his sentence,"); *Khamisi-El v. United States*, 800 F.App'x 344 (6th Cir. 2020) ("The rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'" (citing *Palacios*)); *United States v. Saenz*, No. 6:00-cr-9, 2020 WL 1321600, at *2 (S.D. Tex. Mar. 16, 2020); *Baker v. United States*, No. 17-CR-382 (2020 WL 1144632, at *3 (W.D. Tex. Mar. 9, 2020) (collecting cases); *Moore v. United States*, No. 2:19-cv-2572, 2019 WL 4394755, at *1 (W.D.. Tenn. Sept. 12, 2019); *Nixon v. United States*, No. 4:19-cv-747, 2019 WL 6498088, at *3 (N.D. Tex. Dec. 3, 2019) (*Rehaif* did not announce a new rule made retroactive; it merely interpreted section 922(g)). The undersigned agrees with the reasoning of these decisions and concludes that *Rehaif* is not retroactive.  Therefore, the petitioner's motion is due to be dismissed as being untimely.

In addition, the holding in *Rehaif* does not apply to the facts of the instant case. There was no trial in the petitioner's case; the petitioner pleaded guilty to the charge he now challenges. The burden of proof of the Government, therefore, is not relevant. Rather, the petitioner was charged with knowingly possessing a firearm in and affecting commerce having been previously convicted of a crime punishable by imprisonment for a term exceeding one year. He pleaded guilty to this charge straight up, without a plea agreement, and confirmed at his plea hearing that he was in fact guilty of this charge. Accordingly, *Rehaif* simply does not apply.

In conclusion, the petitioner is not in custody for purposes of this § 2255 and there is no basis under *Rehaif* for a fresh clock on the running of the one-year statute of limitations for Section 2255 motions. *See* 28 U.S.C. § 2255(3). Accordingly, the Petitioner's § 2255 claim under *Rehaif* is both without substantive merit and untimely.

## IV.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 5:20-cv-149, Docs. 1,4;  Criminal Action No. 5:09-cr-38, Doc Nos. 59, 64] be **DENIED** and **DISMISSED with prejudice**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

DATED:  August 13, 2020

*/s James P. Mazzone*

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

9